**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7179**

MICHAEL JERMAINE GREENE,

Plaintiff - Appellant,

v.

SIDNEY FEASTER; DOUG WHITE,

Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:16-cv-00051-FPS-JES)

Submitted:  April 17, 2018                           Decided:  May 2, 2018

Before KING, DUNCAN, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Michael J. Green, Appellant Pro Se.  Shawn Angus Morgan, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Jermaine Greene, a West Virginia inmate, appeals the district court's order accepting the recommendation of the magistrate judge, granting Defendants' motion for summary judgment, and denying relief on his 42 U.S.C. § 1983 (2012) complaint, in which he asserted claims of excessive force, retaliation, and deliberate indifference to medical needs. For the reasons that follow, we affirm the district court's judgment in part, vacate in part, and remand for further proceedings.

As alleged in the complaint, on the afternoon of February 1, 2016, Greene requested to speak with a correction officer by pressing the call light in his cell. After receiving no response, Greene repeatedly pressed the call light and kicked his cell door two or three times. Defendants, correction officers Sidney Feaster and Doug White, reported to Greene's cell and advised Greene that they would pepper spray him if he did not stop kicking the door. Once Greene complied, Defendants briefly walked away, then returned to Greene's cell two minutes later when, at White's direction, Feaster pepper sprayed Greene for two to three seconds.

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 208 (4th Cir. 2017) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain on prisoners. *Hill v. Crum*, 727 F.3d 312, 317 (4th Cir. 2013). In analyzing an Eighth Amendment claim, we look to whether the plaintiff has established that "the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008). The subjective component requires a showing that the prison official acted "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). The objective component, on the other hand, is "contextual and responsive to contemporary standards of decency," and is always satisfied "[w]hen prison officials maliciously and sadistically use force to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992) (internal quotation marks omitted).

The parties presented the district court with scant documentary evidence. In support of their motion for summary judgment, Defendants attached a use of force report, which found that Greene was pepper sprayed only after refusing orders to stop kicking his cell door. This determination was based on video footage of the incident, as well as six incident reports authored by various prison personnel. Greene, on the other hand, declared under penalty of perjury that the information contained in his complaint was true and accurate, thus making its allegations "the equivalent of an opposing affidavit for

3

summary judgment purposes." *World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co.*, 783 F.3d 507, 516 (4th Cir. 2015) (internal quotation marks omitted).

The district court, without mentioning Greene's verified complaint, relied exclusively on the use of force report's findings in concluding that Greene failed to raise a genuine issue of material fact regarding his excessive force claim, and that Defendants were therefore entitled to qualified immunity. This was error. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1867 (2014) (stating that court cannot "credit[] the evidence of the party seeking summary judgment and fail[] properly to acknowledge key evidence offered by the party opposing that motion"). To be sure, a party opposing summary judgment must produce more than "[c]onclusory or speculative allegations" or "a mere scintilla of evidence." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted). In addition, a court should discredit the nonmoving party's version of events where it is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Here, Greene's detailed, consistent narrative of events was hardly so conclusory or speculative to warrant an out-of-hand dismissal. Moreover, while the videotape of the incident might ultimately resolve the parties' key factual dispute—whether Greene was complying with Defendants' orders at the time he was pepper sprayed—the footage was not submitted with Defendants' motion for summary judgment, and thus cannot undermine Greene's sworn account. Accordingly, we conclude that Defendants failed to discharge their burden of showing the absence of evidence supporting Greene's excessive

4

force claim. *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).

Nevertheless, even when a prison official uses excessive force on an inmate, qualified immunity will shield him from liability as long as his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 170 (4th Cir. 2016) (internal quotation marks omitted). Inversely, qualified immunity will not apply where (1) an inmate demonstrates a violation of a constitutional right, and (2) the official's conduct was objectively unreasonable when measured against the clearly established law at the time of the incident. *Hill*, 727 F.3d at 321.

It has long been established that prison officials violate the Eighth Amendment by using "mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) (internal quotation marks omitted); *see Iko*, 535 F.3d at 239-40 (finding use of pepper spray during cell extraction of nonconfrontational inmate constituted excessive force). Thus, based on Greene's sworn allegations, it was objectively unreasonable for Feaster to pepper spray Greene absent any provocation, and for White to direct such gratuitous use of force. The district court therefore erred in granting summary judgment on Greene's excessive force claim.

Greene's other claims require little discussion. First, Greene asserted that prison officials lost or misplaced his medical services request form, yet failed to plead that Defendants were responsible for this alleged retaliatory action. *See Tobey v. Jones*, 706

5

F.3d 379, 390 (4th Cir. 2013) (providing causation standard for retaliation claims). Second, because Greene failed to object to the magistrate judge's recommendation to dismiss his deliberate indifference claim, Greene has waived appellate review of this recommendation. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Accordingly, we affirm the dismissal of Greene's retaliation and deliberate indifference claims, but vacate the dismissal of the excessive force claim and remand to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*